UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHARLES MCGEE,
    PETITIONER,
V.
UNITED STATES OF AMERICA,
    RESPONDENT.

22-3123-DWD

CASE NO. 3:21CR30034

HON. DAVID W. DUGAN
U.S. DISTRICT JUDGE

PETITIONER'S MOTION FOR SENTENCE REDUCTION UNDER SECTION 404(b) OF THE FIRST STEP ACT.

COMES NOW PETITIONER, CHARLES MCGEE, REG. NO. 30522-509, PRO-SE PER <u>HAINES V. KERNER</u>, 404 U.S. 519-520 (1972), BEFORE THIS HONORABLE COURT, SEEKING THE ISSUANCE OF AN ORDER GRANTING HIM A REDUCTION OF HIS SENTENCE PURSUANT TO SEC. 404(b) OF THE FIRST STEP ACT OF 2018.

IN SUPPORT OF THE ABOVE REQUEST THE PETITIONER AVERS THE FOLLOWING:

## BRIEF BACKGROUND

1. This case began on or about February 11, 2021 with the arrest of the Petitioner.

2. Petitioner was charged with violating, inter alia, 21 U.S.C. Sec. 841(a)(1) and Sec. 841(b)(1)(B)(iii) [cocaine base] and 18 U.S.C. Sec. 924(c)(1)(A).

3. After pleading guilty, the Petitioner was sentenced on or about March 29, 2022 to 120 months imprisonment an four years of supervised release.

4. Petitioner has not filed any post-conviction petitions prior to this motion being filed.

## LEGAL ANALYSIS

MANY CIRCUITS, INCLUDING THIS CIRCUIT (UNITED STATES V. NEWBERN, NO. 22-1244 (7th CIR. 2022)), HAVE HELD THAT ONCE A PETITIONER IS DEEMED ELIGIBLE FOR A REDUCTION, THE DISTRICT COURTS MUST CALCULATE THE PETITIONER'S GUIDELINE'S RANGE PRIOR TO DECIDING WHETHER TO GRANT A REDUCTION UNDER SEC. 404(b) OF THE FIRST STEP ACT. ACCORDINGLY, A CORRECT GUIDELINE GUIDELINES CALCULATION IS THE "STARTING POINT" TO ANY SENTENCING PROCEEDING AND "PARAMOUNT" WHEN SENTENCING UNDER THE FIRST STEP ACT.

THE PETITIONER'S SENTENCE WAS LARGELY DRIVEN BY THE CRACK COCAINE GUIDELINE. IF SENTENCED TODAY HE WOULD LIKELY RECEIVE THE BENEFIT OF THE DEPARTMENT OF JUSTICE'S CURRENT POLICY RECOMMENDING THAT JUDGES SENTENCE DEFENDANTS CONVICTED OF CRACK OFFENSES (LIKE THE PETITIONER) WITHOUT REGARD TO THE 18:1 RATIO FOR CRACK/POWDER COCAINE THAT STILL EXISTS IN THE GUIDELINES. IN OTHER WORDS, THE PETITIONER

contends that the government would likely agree that the petitioner would be sentenced utilizing a 1:1 ratio for crack and powder cocaine. Eliminating the disparity would result in a lower guideline range than the one used when he was originally sentenced.

The government agrees that the Department of Justice supports the eliminating a quantifiably unjust application of law ("EQUAL") Act, Senate Bill 79, which would eliminate the distinction between cocaine for sentencing purposes under 21 U.S.C. Sec. 841(b)(1)(A) and (B).

REDUCTION OF PETITIONER'S CRACK COCAINE CONVICTION IS APPROPRIATE AN CONSISTENT WITH CURRENT DEPARTMENT OF JUSTICE POLICY.

PETITIONER AVERS THAT BASED ON THE DEPARTMENT OF JUSTICE'S CURRENT POLICY, UTILIZING THE 1:1 RATIO FOR CRACK AND POWDER COCAINE, IF HE WERE SENTENCED TODAY, THE RANGE OF HIS SENTENCE WOULD HAVE BEEN ABOUT 15-21 MONTHS. THIS IS QUITE A REDUCTION FROM THE 60 MONTH SENTENCE HE RECEIVED.

THAT SAID, IT IS CLEAR THAT THE PETITIONER IS ELIGIBLE FOR A REDUCTION UNDER THE FIRST STEP ACT, AND THIS HONORABLE COURT SHOULD EXERCISE ITS DISCRETION TO REDUCE THE PETITIONER'S SENTENCE CONSISTENT WITH THIS MOTION AND THE GOVERNMENT'S POLICY, AND THE APPLICABLE GUIDELINE RANGE HAD HE BEEN SENTENCED TODAY. SEE: 18 U.S.C. SEC. 3553(a) (APPLICABLE GUIDELINE SENTENCE IS FACTOR TO CONSIDER IN SENTENCING);

<u>United States v. Mannie</u>, 971 F.3d 1145, 1158 & n.16 (10th Cir. 2020) (Section 3553(a) factors are permissible, although not required considerations when ruling on a First Step Act motion).

In <u>United States v. Newbern</u>, No. 22-1244 (7th Cir. 2022), the Seventh Circuit used <u>Concepcion v. United States</u>, 142 S.Ct. 2389 (2022) to begin it's review of Newbern's district court denial. The Court of Appeals reduced the holding in Concepcion to two points, and this instant case the Petitioner avers that these points should apply herein: First, substantively, district courts retain discretion to consider any information relevant to the 3553(a) factors, even those not related to the new crack to powder cocaine ratio; Second, procedurally district courts must generally consider the parties' non frivolous arguments and make clear that they reasoned through the parties' arguments.

## PETITIONER'S REHABILITATIVE EFFORTS AND SEC. 3553(a) FACTORS

THE PETITIONER ASSERTS THAT HIS REHABILITATIVE EFFORTS AND CLEAN DISCIPLINARY RECORD IN THE CUSTODY OF THE BUREAU OF PRISONS SUPPORTS A SENTENCE REDUCTION. IN HIS INCARCERATION THE PETITIONER HAS NOT RECEIVED ANY DISCIPLINARY INCIDENT REPORTS. HE IS ENROLLED IN THE G.E.D. PROGRAM WHERE HE HAS COMPLETED ALL OF THE REQUIREMENTS TO BE PROMOTED FROM THE PRE-G.E.D., BASIC G.E.D., TO THE ADVANCE G.E.D. LEVELS. HE HAS ENROLLED INTO A NUMBER OF FIRST STEP ACT CLASSES AND SUBSTANCE ABUSE CLASSES AS WELL. THE PETITIONER WILL CONTINUE TO TAKE ADVANTAGE OF THE REHABILITATIVE EFFORTS AFFORDED TO HIM.

ADDITIONALLY, THE BUREAU OF PRISON HAS A FIRST STEP ACT RISK ASSESSMENT SYSTEM

RULES "PATTERN", WHERE IT DETERMINES THE RISK OF RECIDIVISM OF THOSE IN ITS CUSTODY. THE SCORES RANGE FROM A HIGH LEVEL OF RECIDIVISM TO A MINIMUM LEVEL. THIS IS THE DEPARTMENT OF JUSTICE AND BUREAU OF PRISON'S METHOD OF DETERMINING HOW TO ASSIST THOSE IN THEIR CUSTODY TO REHABILITATE THEMSELVES AND LOWER THEIR PATTERN SCORE TO A LOW OR MINIMUM PATTERN SCORE WHERE THOSE IN CUSTODY WILL EARN "EARNED TIME CREDITS" TOWARDS EARLY RELEASE AND HALFWAY HOUSE. ONLY THOSE WITH LOW OR MINIMUM PATTERN SCORES MAY APPLY THEIR "EARNED TIME CREDITS" TOWARDS EARLY RELEASE. THE PETITIONER, ACCORDING TO THIS EXTENSIVE PATTERN SCORE, IS AT A "LOW" LEVEL OF RECIDIVISM, THUS, PER THE DEPARTMENT OF JUSTICE AND BUREAU OF PRISONS, THE PETITIONER HAS A LOW POSSIBILITY OF RECIDIVATING ONCE HE IS RELEASED.

AS TO THE SEC. 3553(a) FACTORS, THE PETITIONER DOES NOT MAKE LIGHT OF THE NATURE AND SERIOUSNESS OF HIS OFFENSES AND RECOGNIZES THE NEED FOR: JUST PUNISHMENT, PROMOTING RESPECT FOR THE LAW, REFLECTING THE SERIOUSNESS OF THE OFFENSE, DETERRING FUTURE CRIME, AND TO PROTECT THE PUBLIC. HOWEVER, THE PETITIONER'S REDUCTION WILL NOT BE AN IMMEDIATE RELEASE BUT BELIEVES THAT A REDUCTION WILL ELIMINATE THE DISPARITY IN SENTENCE, HAD HE BEEN SENTENCED TODAY.

## CONCLUSION

THEREFORE, BECAUSE OF THE ABOVE FACTS AND CASE LAW, THE PETITIONER ASKS THAT THIS HONORABLE COURT GRANT HIS SENTENCE REDUCTION UNDER SECTION 404(b) OF THE FIRST STEP ACT TO 15-21 MONTHS ON THE CRACK COCAINE CHARGE

RESPECTFULLY SUBMITTED,

*Charles McGee* (signature)

CHARLES McGEE
REG. NO. 30522-509
FCI- TEXARKANA
P.O. BOX 7000
TEXARKANA, TX 75505

DATE: 12/21/22

## CERTIFICATE OF SERVICE

I, CHARLES McGEE, REG. NO. 30522-509 DO CERTIFY THAT PER 28 U.S.C. SEC. 1746, A TRUE COPY OF THIS MOTION FOR SENTENCE REDUCTION UNDER SEC. 404(b), WAS PLACED INTO THE MAILING SYSTEM OF FCI-TEXARKANA ON THE DATE SHOWN BELOW USING, FIRST CLASS, U.S. MAIL, PRE-PAID TO:

1. CLERK, U.S. DISTRICT COURT
   SOUTHERN DISTRICT OF ILLINOIS
   750 MISSOURI AVENUE
   E. ST. LOUIS, IL 62201

2. OFFICE OF U.S. ATTORNEY
   SOUTHERN DISTRICT OF ILLINOIS
   U.S. COURTHOUSE
   750 MISSOURI AVENUE
   E. ST. LOUIS, IL 62201

DATE MAILED: 12/21/22

RESPECTFULLY SUBMITTED,

Charles McR

CHARLES McGEE
REG. NO. 30522-509

-11-

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:30522-509, Last Name:MCGEE

**U.S. DEPARTMENT OF JUSTICE**                  **FEDERAL BUREAU OF PRISONS**

```
Register Number: 30522-509              Risk Level Inmate....: R-LW
Inmate Name                                General Level......: R-LW (31)
   Last.........: MCGEE                    Violent Level......: R-LW (20)
   First........: CHARLES              Security Level Inmate: LOW
   Middle.......:                      Security Level Facl..: LOW
   Suffix.......:                      Responsible Facility.: TEX
Gender.........: MALE                  Start Incarceration..: 03/29/2022
```

**PATTERN Worksheet Summary**

| Item | Value | General Score | Violent Score |
|---|---|---|---|
| Current Age | 54 | 7 | 4 |
| Walsh w/Conviction | TRUE | 2 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 7 |
| Criminal History Points | 4 | 16 | 6 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 4 |
| Education Score | EnrolledInGED | -1 | -1 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 0 | 0 | 0 |
| Work Programs | 0 | 0 | 0 |
| | Total | 31 | 20 |

Assessment Date: 05/16/2022        (1)        Assessment# R-2147114606

Mr. Chaily McKee
#30621-509
Texarkana - FCI
P.O. Box #7000
Texarkana, TX 75505

MAIL CLEARED
US MARSHALS

c/o Honorable Clerk of Court
United States Courthouse
#750 Missouri Avenue, box #104
East St. Louis, IL
 - 62201 -

SHREVEPORT LA 710
FRI 23 DEC 2022 PM

RECEIVED
DEC 29 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE