IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cr-30034-DWD |
| ) | |
| CHARLES MCGEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Defendant Charles McGee pled guilty to Possession with Intent to distribute a Controlled Substance (Cocaine Base) 21 U.S.C. § 841(A)(1) and (B)(1)(B)(III) and Possession of a Firearm in furtherance of a Drug Trafficking Crime 18:924(c)(1)(A) in October 2021.  In March 2022, the Court sentenced him to serve 60 months on each count to be served consecutively, for a total term of imprisonment of 120 months.  The Court imposed this sentence in accordance with the sentencing amendments made by the Fair Sentencing Act, which had become effective August 3, 2010.  *See* Presentence Investigation Report ¶ 32 (Doc. 95).

The defendant now asks the Court to reduce his sentence considering § 404 of the First Step Act.  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute— the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.  First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the

Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. However, the First Step Act prohibits the Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the amendments made by §§ 2 and 3 of the Fair Sentencing Act. First Step Act § 404(c).

The Court cannot entertain the defendant's motion because it previously imposed the defendant's sentence in accordance with the amendments made by the Fair Sentencing Act, which were already effective at the time he was sentenced. Thus, he has already received the benefit of the Fair Sentencing Act's statutory sentencing range changes.

The defendant also raises the following argument, purportedly brought under the First Step Act:

> The Petitioner's Sentence was largely driven by the crack cocaine guideline. If sentenced today, he would likely receive the benefit of the Department of Justice's current policy of recommending that judges sentence defendants convicted of crack offenses (like the Petitioner) without regard to the 18:1 ratio for crack/powder cocaine that still exists in the guidelines. In other words, the Petitioner contends that the Government would likely agree that Petitioner would be sentenced utilizing a 1:1 ratio for crack and powder cocaine. Eliminating the disparity would result in a lower guideline range than the one used when he was originally sentenced.

Although not expressly referenced, the defendant appears to be arguing that his sentence should be reduced in light of the Eliminating a Quantifiably Unjust Application of the Law Act of 2021 (the "EQUAL Act"). The EQUAL Act would eliminate the federal sentencing disparity between drug offenses involving crack cocaine and powder cocaine,

reducing the crack cocaine/powder cocaine ratio from 18:1 to 1:1. *See* H.R.1693, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/house-bill/1693 (last visited Apr. 21, 2023).

The Department of Justice endorsed the passage of the EQUAL Act. *See* The Statement of the U.S. Department of Justice Before the Committee on the Judiciary, United States Senate, For a Hearing Entitled: Examining Federal Sentencing For Crack and Power Cocaine, at 2 (June 22, 2021) ("The disparity in federal cocaine sentencing policy has been the most visible symbol of racial unfairness in the federal justice system for almost 35 years, and it is time to eliminate it.") available at http://cdn.cnn.com/cnn/2021/images/06/22/equal.act.testimony-.final.pdf.

The House passed the EQUAL Act in 2021. *Id.* But, in the Senate, the bill currently is referred to the Committee on the Judiciary. *See* S.79, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/senate-bill/79/all-info (last visited Apr. 21, 2023). Thus, Congress has yet to enact the EQUAL Act.

Considering the above, to the extent that the defendant's motion can be construed to present an argument that the EQUAL Act somehow constitutes an "extraordinary and compelling" reason for reducing his sentence under the First Step Act, his argument is premature. *See* e.g., *United States v. Ford*, No. CR 10-20129-07-KHV, 2023 WL 1434302 (D. Kan. Feb. 1, 2023) (rejecting argument for sentence reduction under the EQUAL Act, noting that "[p]roposed legislation itself is insufficient to grant wholesale relief to all defendants who could potentially benefit from such legislation"); Palermo v. United States, No. 1:17-CR-290-GHW, 2022 WL 14129780, at *2 (S.D.N.Y. Oct. 22,

3

2022) (possibility of defendant receiving benefit through proposed EQUAL Act not extraordinary and compelling circumstance); *United States v. Roper*, CR12-5085 BHS, 2022 WL 251970, at *3 (W.D. Wash. Jan. 27, 2022) (declining on a § 3582(c)(2) motion to consider whether the potential sentence reduction that would result from the EQUAL Act was warranted because "the legislation has yet to be enacted"). Therefore, to the extent that the defendant seeks relief through the EQUAL Act, his motion must be denied. That being said, if Congress enacts the EQUAL Act, Defendant may move for a sentence reduction at that time to the extent that the Act's adjustments are applicable to him.

For these reasons, the Court **DISMISSES** the defendant's motion for a sentence reduction based on the First Step Act's retroactive application of the Fair Sentencing Act and on the EQUAL Act.

**SO ORDERED.**

Dated: April 24, 2023

*s/David W. Dugan*
DAVID W. DUGAN
United States District Judge